## CHARLES GEDDES *vs.* ALVIN ADAMS & others.

In an action on a bill of exchange purporting to be accepted by Adams & Co., the defendants were described in the writ as " expressmen and late copartners under the name and style of Adams & Co.," and were alleged in the declaration to have accepted the bill. *Held,* that an answer denying that the defendants accepted the bill did not oblige the plaintiff, after proving an acceptance by an authorized agent of Adams & Co., to prove also that the defendants were members of that firm, in order to charge Adams.

ACTION OF CONTRACT against Alvin Adams and three others described in the writ as " expressmen and late copartners under the name and style of Adams & Company," upon the following bill of exchange :

" Adams & Co.   Express and Banking Office, San Francisco. February 15, 1855.   No. 637.25.   Exchange for $850.   Sixty days after sight of this first (second and third unpaid) pay to

the order of Charles Geddes eight hundred and fifty dollars, value received, and place to account of exchange.

" To Messrs. Adams & Co. of San Francisco, New York."  Adams & Co.

" Accepted March 14, 1855.  Adams & Co.,

" By William H. Hall."

The declaration alleged that certain persons, copartners under the name of Adams & Co., at San Francisco, on the 15th of February 1855, drew this bill of exchange, and directed it to the defendants at New York, and thereby required the defendants in sixty days after sight to pay to the plaintiff or order the amount thereof; that on the 14th of March 1855 the defendants accepted the bill and promised the plaintiff to pay it according to the tenor thereof and of their acceptance, yet had never done so, and still owed the plaintiff the amount thereof.

Adams, who alone was served with process, answered that he was ignorant whether certain persons in San Francisco drew this bill; and alleged that the defendants did not accept it, or promise or in any wise become liable to pay it, but were utter strangers to the whole matter and transaction.

Trial before *Bigelow*, J., who reserved for the whole court the question whether upon these pleadings the following evidence was sufficient to entitle the plaintiff to recover.

" The plaintiff proved that the signature of the drawers of the bill was in the handwriting of Adams & Co. of San Francisco, and that the acceptance of the bill was in the handwriting of William H. Hall, who was the authorized agent of Adams & Co. to accept bills in their behalf.  The plaintiff here rested his case.  The defendant contended that the plaintiff was not entitled to recover without proof that said Alvin Adams was a member of the firm of Adams & Co., and also without proof that the persons named in the writ as composing said firm of Adams & Co. were in fact members of said firm at the time of the drawing and acceptance of the bill."

*B. F. Butler & G. D. Porter*, for the plaintiff.

*G. A. Somerby*, for the defendants.  There is no allegation in the declaration that Adams & Co. who drew the bill were the

same Adams & Co. who accepted it. The declaration charges the defendants, not as makers, but as acceptors, and the defendants deny that they ever accepted it, and say they were strangers to the whole transaction. The plaintiff did not prove that the persons whom he alleged to have made the bill were the persons who in fact made it, or were the defendants or any of them; nor that the Adams & Co. who accepted it were the defendants or any of them. ' All that the plaintiff proved might be true, and yet the defendants not liable.

METCALF, J. This action is brought against four persons named in the writ, of whom Alvin Adams of Boston is one, and they are termed late copartners under the name and style of Adams & Co. The declaration alleges that they accepted the bill of exchange, which is the subject of the action, and promised to pay it according to its tenor. Service was made on Alvin Adams only. He has filed an answer, averring his ignorance of the making of the bill by the alleged drawers, but denying that the defendants accepted it, or in anywise promised or became liable to pay it.

It was proved at the trial that the signature of the drawers of the bill was in the handwriting of Adams & Co. of San Francisco, and that the acceptance was in the handwriting of an agent of Adams & Co. of New York, authorized to accept bills in their behalf. And we are of opinion that it was not necessary, under the pleadings in the case, that the plaintiff should prove more, in order to entitle him to recover against Adams.

The writ and declaration set forth, with substantial certainty, a statement of the substantive facts necessary to constitute the cause of action against the four defendants named, to wit, that they were copartners and accepted the bill drawn on them as such. What substantive fact, relied on in avoidance of the action, does the answer set forth in clear and precise terms, as required by *St.* 1852, *c.* 312, §§ 14, 18 ? Only this; that the defendants did not accept the said bill of exchange, nor in any way become liable to pay it. There is no denial that the four defendants, against whom the action was commenced, were copartners under the name and style of Adams & Co., at the

time when the bill purports to have been accepted. On the contrary, by not denying this substantive fact, which is well set forth by the plaintiff, and necessary to constitute his cause of action, Adams must be deemed to have admitted it. Such is the provision of § 26 of *St.* 1852, *c.* 312. And we incline to the opinion that at common law the traverse of a single allegation in a declaration is an admission of other material allegations therein, at least when the plaintiff proves the allegation that is traversed. *Ayer* v. *Spring*, 10 Mass. 83. *Couling* v. *Coxe*, 6 C. B. 721. *Judgment for the plaintiff.*